MICHAEL B. LEE, PC
MICHAEL B. LEE (Nevada Bar No. 10122)
2000 S. Eastern Avenue
Las Vegas, Nevada 89104
Email: mike@mblnv.com
Tel: (702) 477-7030
Fax: (702) 477-0096

DICKINSON WRIGHT PLLC
JOANNA M. MYERS (Nevada Bar No. 12048)
Email: jmyers@dickinsonwright.com
8363 West Sunset Road, Suite 200
Las Vegas, Nevada  89113-2210
Tel:  (702) 550-4400
Fax:  (844) 670-6009

*Attorneys for Plaintiff Animal Care Clinic, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Animal Care Clinic, Inc., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Healing Truth Inc., a Nevada corporation dba Valle Verde Animal Hospital, Shannon Scholten, an individual, and Johnathan Lamar Snead, an individual.<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiff Animal Care Clinic, Inc. ("ACC" or "Plaintiff") for its Complaint against Defendants Healing Truth Inc dba Valle Verde Animal Hospital, Shannon Scholten, and Johnathan Lamar Snead (collectively, "Valle Verde" or "Defendants") alleges as follows:

**NATURE OF THE CASE**

This trademark infringement action arises out of Defendants' intentional and unlawful conduct in the selection and use of Plaintiff's trademark HENDERSON ANIMAL HOSPITAL

1

(the "HAH Mark"). Defendants adopted the HAH Mark and are using it in connection with Defendants' veterinary services, despite being well-aware of ACC's rights in the HAH Mark. Defendants selected the HAH Mark with the intent to create a false association and/or affiliation with ACC, and to trade off on the substantial goodwill and reputation of ACC's well-established and well-known trademark. Defendants' conduct has infringed on ACC's intellectual property rights. ACC seeks a judgment enjoining Defendants' use of the HAH Mark, for an award of damages, fees, and costs resulting from Defendants' unlawful conduct and for such other relief as the Court may deem just and proper.

## JURISDICTION AND PARTIES

1. This Court has subject matter jurisdiction over this trademark infringement action pursuant to 15 U.S.C. § 1125, 28 U.S.C. §§ 1331 and 1338(a), involving violations of the Lanham Act, 15 U.S.C. § 1051 *et. seq.* This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

2. This Court has personal jurisdiction over Defendants because Plaintiff is informed and believes, and thereupon alleges, that Defendants have systematic and continuous contacts with Nevada and this judicial district, Defendants are organized in the State of Nevada and have thereby purposefully availed themselves of the benefits and protections of the laws of the State of Nevada, and Defendants regularly transact business and/or reside in the State of Nevada and this judicial district. Furthermore, this Court has personal jurisdiction over Defendants because, as described further below, Defendants have committed acts of trademark infringement, among other unlawful acts, giving rise to this action within the State of Nevada and this judicial district and has established minimum contacts such that the exercise of personal jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice.

3. Venue is proper in the unofficial Southern Division of this judicial district under 28 U.S.C. § 1391(b)-(c) and because a substantial part of the events giving rise to this action occurred in this judicial district.

4. Plaintiff ACC is a Nevada corporation having an address at 11 W. Horizon Ridge Parkway, Henderson, Nevada 89012.

2

5. Defendant Healing Truth Inc is a Nevada corporation having an address of 6363 Ponderosa Way, Las Vegas, Nevada 89118 and is doing business as Valle Verde Animal Hospital.

6. ACC is informed and believes, and thereupon alleges, that Defendant Shannon Scholten is a resident of Las Vegas, Nevada having an address at 6363 Ponderosa Way, Las Vegas, Nevada 89118.

7. ACC is informed and believes, and thereupon alleges, that Defendant Johnathan L. Snead is a resident of North Las Vegas, Nevada having an address at 1925 Camino Carlos Rey, North Las Vegas, Nevada 89031.

## FACTUAL ALLEGATIONS

### ACC's Use and Ownership of the HAH Mark

8. ACC was founded in 2009 and has become a leading provider of veterinary services in southern Nevada.

9. ACC provides high quality veterinary services to residents of southern Nevada, as well as numerous visitors and residents from out of state.

10. ACC's veterinary business includes, but is not limited to, providing high quality preventative care, dentistry, surgery, boarding, and grooming, among other veterinary-related goods and services.

11. ACC has four locations, including, Henderson Animal Hospital, Boulder City Animal Hospital, Stephanie Animal Hospital, and Horizon Ridge Animal Hospital.

12. ACC's principal and predecessor in interest, Dr. Randy Stanton, has been using the HAH Mark in interstate commerce since at least as early as December 1, 1999.

13. Over the course of nearly two decades, Dr. Stanton and ACC have provided veterinary-related goods and services in interstate commerce under the HAH Mark through over two hundred and seven thousand client visits to ACC's Henderson Animal Hospital (207,000).

14. ACC provides its veterinary-related goods and services to residents of Nevada, as well as to out-of-state "snow birds" and visitors.

15. ACC's rights in the HAH Mark are supported by its ownership of a Nevada state

3

registration for the service mark HENDERSON ANIMAL HOSPITAL (Nevada Reg. No. E0194712017-1).

16. As a result of ACC's long-time, continuous, exclusive, and extensive use of its HAH Mark, the HAH Mark has acquired distinctiveness and has become exclusively associated with ACC's veterinary-related goods and services, which are immediately identified by consumers as originating from ACC.

17. ACC has spent, and continues to invest, a substantial amount of time, resources and money in protecting, advertising, and promoting its HAH Marks in the United States.

18. Between 2000 and 2017, ACC spent nearly Three Hundred Thousand Dollars ($300,000.00) in advertising its veterinary-related goods and services, including goods and services offered under the HAH Mark.

19. These promotional efforts include, but are not limited to, print, media, online and in person advertising as well as through ACC's website located at www.animalcareclinicinc.com and its Facebook page located at https://www.facebook.com/HendersonAH/.

20. As a result of ACC's significant investment in its HAH Mark, the HAH Mark has acquired distinctiveness and tremendous goodwill in Nevada and surrounding states.

21. ACC's veterinary-related goods and services are received by tens of thousands of consumers each year.

22. Between 2000 and 2017 ACC's clients visited its animal hospitals over five hundred and eighty-five thousand (585,000) times.

23. At its Henderson Animal Hospital alone, ACC has provided services to its clients under the HAH Mark through over Two Hundred Thousand (200,000) client visits.

24. ACC has eight (8) veterinarians and employs between sixty (60) to sixty five (65) employees.

25. ACC currently has approximately Ten Thousand (10,000) active client files at its Henderson Animal Hospital, many of which receive veterinary-related goods and services for multiple pets.

26. Between just 2000 and 2017, ACC generated over Seventeen Million Dollars

4

($17,000,000) in revenues from U.S.-based sales of ACC's products and services bearing its HAH Mark.

27.   ACC's rights in its HAH Mark date back to at least as early as 1999, and it is the senior user of the HAH Mark for veterinary-related goods and services.

28.   ACC also owns Nevada common law trademark rights in the HAH Mark and the mark is famous in Nevada.

29.   Defendants' adopted and are using an identical mark, HENDERSON ANIMAL HOSPITAL ("Infringing Mark") in the same channels of trade and for identical and/or highly related goods and services as ACC offers under the HAH Mark.

30.   The HAH Mark was well known and had acquired distinctiveness nearly two decades before Defendants' adopted the Infringing Mark.

31.   Defendants' adopted and are using the Infringing Mark in the same geographic market, namely, Las Vegas, Nevada.

32.   Defendants' use of the Infringing Mark unlawfully infringes upon ACC's rights in its HAH Mark and subjects Defendants to significant liability.

**Defendants' Use and Attempted Registration of the Infringing Mark**

33.   Defendant Healing Truth Inc was incorporated in Nevada on or about January 14, 2014 and offers veterinary-related goods and services under the dba Valle Verde Animal Hospital.

34.   ACC is informed and believes, and thereupon alleges, that in connection with offering Defendants' veterinary-related goods and services, Defendants, and each of them, adopted the Infringing Mark sometime between March 14, 2016 and April 15, 2016.

35.   By at least April 15, 2016, Defendants had started using the Infringing Mark on its website located at www.valleverdevet.com.

36.   Notably, Defendants use the Infringing Mark in connection with the "TM" symbol, indicating that they are claiming trademark rights in the Infringing Mark.

37.   According to the publically-available Internet Archive, Defendants, and each of them, used the Infringing Mark on the website located at www.valleverdevet.com until at least as

5

1 late as March 20, 2017.

2    38.  The Infringing Mark is identical to the HAH Mark and conveys the same
3 commercial impression as the HAH Mark.

4    39.  Consumers encountering the Infringing Mark will immediately associate it with
5 ACC.

6    40.  Even if consumers identify goods or services bearing the Infringing Mark as
7 originating from Defendants, they are likely to mistakenly believe Defendants are affiliated with
8 or endorsed by ACC, which they are not.

9    41.  Moreover, Defendants, and each of them, are using the Infringing Mark in
10 connection with identical and/or highly related goods and services which ACC offers under its
11 HAH Mark, namely, veterinary-related goods and services.

12    42.  ACC and Defendants promote their goods and services through the exact same
13 marketing channels and geographic territory.

14    43.  In fact, the parties' respective animal hospitals are less than seven (7) miles apart.

15    44.  ACC is informed and believes, and thereupon alleges, that Defendants, and each
16 of them, adopted the Infringing Mark with the intent to create a false association with ACC and
17 confuse the consuming public, and to trade off on the goodwill associated with the HAH Mark.

18    45.  In or around the first week of December 2016, ACC discovered that Defendants'
19 Valle Verde Animal Hospital was showing up in Internet searches for ACC's Henderson Animal
20 Hospital.

21    46.  ACC immediately contacted Defendants and informed them of ACC's concern
22 that such use of the Infringing Mark would cause consumers to mistakenly believe that there was
23 an affiliation between ACC and Defendants, which there is not.

24    47.  On or about December 12, 2016, Defendants informed ACC that they were using
25 ACC's HAH Mark as an Internet search engine optimizer ("SEO").

26    48.  In addition, ACC is informed and believes, and thereupon alleges, that Defendants
27 are using ACC's HAH Mark as an SEO specifically targeting the geographic areas surrounding
28 ACC's clinics, which is intended to divert ACC's clients to Defendant's clinic advertising its

1 services under the Infringing Mark.

2  49. ACC also recently became aware of Defendants' use of the Infringing Mark on the Internet and Defendants' website.

4  50. On or about February 24, 2017, ACC, through counsel, contacted Defendants informing Defendants that their use of the Infringing Mark was likely to cause confusion with the public and cause consumers to mistakenly believe there is an association between ACC and Defendants, which there is not.

8  51. In the meantime, and unbeknownst to ACC, on January 25, 2017, Defendants filed a use-based trademark application with the USPTO for the Infringing Mark in Class 44 for "v[e]terinary medical services" ("Infringing Application") claiming a first use in interstate commerce date of April 1, 2014 – despite having actual notice of ACC's rights in its HAH Mark.

12  52. The Infringing Application was assigned USPTO Serial No. 87312753.

13  53. The Infringing Application is still under examination.

14  54. ACC is the senior user with rights dating back to at least as early as 1999.

15  55. Defendants are seeking registration for the Infringing Mark in connection with services that are marketed and sold in the same channels of trade and are purchased by the same classes of consumers as the goods and services offered by ACC under the HAH Mark.

18  56. As the senior user, ACC is entitled to enforce its established trademark rights before this Court and to enjoin ACC's use and seek all appropriate damages and other relief.

20  57. Defendants' and each of their use of the Infringing Mark has infringed upon and damaged ACC's trademark rights.

22  58. Defendants' and each of their use of the Infringing Mark is likely to cause confusion.

24  59. Defendants, and each of them, are liable for their unlawful conduct because they have, and will continue to use the Infringing Mark knowing that ACC will be damaged by such use.

27  60. ACC has been damaged by Defendants' and each of their use of the Infringing Mark, and will continue to be damaged until such time as Defendants' use of the Infringing Mark

7

permanently ceases.

## COUNT I

**(Trademark Infringement Pursuant to 15 U.S.C. § 1125)**

61. ACC incorporates the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

62. Defendants' Infringing Mark is identical to Plaintiff's HAH Mark.

63. Defendants, and each of them, are using a mark that is identical and confusingly similar to the HAH Mark in connection with the sale, offering for sale, or advertising of goods and services in a manner that is likely to cause confusion or mistake, or to deceive customers as to an affiliation, connection, or association with ACC, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activity by ACC.

64. Defendants' and each of their use of the Infringing Mark has created a likelihood of confusion among consumers who may falsely believe that Defendants' veterinary-related goods and services are associated with ACC or that ACC sponsors or approves of Defendants' goods, services, or commercial activities.

65. ACC is informed and believes, and thereupon alleges, that Defendants' and each of their use of the Infringing Mark and/or a mark(s) confusingly similar to the HAH Mark, was intentionally and willfully done with the knowledge that ACC owns and has used, and continues to use, its HAH Mark.

66. As a direct and proximate result of Defendants' and each of their, infringement, ACC has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

67. As a direct and proximate result of Defendants' and each of their infringement, ACC has been compelled to retain counsel to enforce its trademark rights and prosecute this action.

## COUNT II

**(Unfair Competition, False Designation of Origin, and False Advertising Pursuant to 15 U.S.C. § 1125)**

68. ACC incorporates the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

69. Defendants' and each of their use in commerce of a mark that is the same and/or confusingly similar to the HAH Mark in connection with Defendants' veterinary-related goods and services, constitutes a false designation of origin and/or false or misleading description or representation of fact, which is likely to cause confusion, cause mistake, or deceive as to the affiliation, connection, or association with ACC, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by ACC.

70. Defendants' and each of their use in commerce of the Infringing Mark and/or a mark(s) confusingly similar to the HAH Mark, with the knowledge that ACC owns and has used, and continues to use, its trademarks constitutes intentional conduct by Defendants to make false designations of origin and false descriptions about Defendants' goods, services and commercial activities.

71. As a direct and proximate result of Defendants' and each of their unfair competition, ACC has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

72. As a direct and proximate result of Defendants' and each of their infringement, ACC has been compelled to retain counsel to enforce its trademark rights and prosecute this action.

## COUNT III

**(State Trademark Infringement Pursuant to NRS § 600.420)**

73. ACC incorporates the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

74. Defendants, and each of them, have used and/or are using the Infringing Mark without ACC's consent.

75. Defendants' and each of their use in commerce of the Infringing Mark, which is identical and/or confusingly similar to the HAH Mark constitutes a reproduction, copying, counterfeiting, and colorable imitation of ACC's trademarks in a manner that is likely to confuse

9

1   or mistake or is likely to deceive consumers.

2   76.  By using the Infringing Mark and/or marks confusingly similar to the HAH Mark
3   with the knowledge that ACC owns and has used, and continues to use, its trademarks in
4   Nevada, Defendants, and each of them, have intended to cause confusion, cause mistake, or
5   deceive consumers.

6   77.  Defendants, and each of them, are using marks that are the same and/or
7   confusingly similar to the HAH Mark in connection with the sale, offering for sale, or
8   advertising of services in a manner that is likely to cause confusion or mistake, or to deceive
9   consumers as to an affiliation, connection, or association with ACC or as to the origin,
10  sponsorship, or approval of Defendants' goods, services, or commercial activities by ACC.

11  78.  As direct and proximate result of Defendants' and each of their use of the
12  Infringing Mark, ACC has suffered, and will continue to suffer, monetary damages and
13  irreparable injury to its business, reputation, and goodwill.

14  79.  As a direct and proximate result of Defendants' and each of their infringement,
15  ACC has been compelled to retain counsel to enforce its trademark rights and prosecute this
16  action.

## COUNT IV

**(Deceptive Trade Practices Pursuant § NRS 598.0915)**

19  80.  ACC incorporates the allegations set forth in each of the preceding paragraphs as
20  if fully set forth herein.

21  81.  ACC is informed and believes, and thereupon alleges, that in the course of
22  conducting Defendants' business, Defendants, each of them, knowingly made false
23  representations as to an affiliation, connection and/or associate with ACC by using a mark
24  identical and/or confusingly similar to the HAH Mark and otherwise engaged in deceptive trade
25  practices.

26  82.  As the direct and proximate result of Defendants' and each of their deceptive
27  conduct, ACC has suffered, and will continue to suffer, monetary damages and irreparable injury
28  to its business, reputation, and goodwill.

83. As a direct and proximate result of Defendants' and each of their infringement, ACC has been compelled to retain counsel to enforce its trademark rights and prosecute this action.

## COUNT V

### (Common Law Trademark Infringement)

84. ACC incorporates the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

85. By virtue of having used and continuing to use the HAH Mark, ACC has acquired common law trademark rights in the HAH Mark.

86. Defendants' and each of their use of a mark(s) that is the same and/or confusingly similar to the HAH Mark, infringes ACC's common law rights in its HAH Mark, and is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendants' veterinary-related goods and services originate from, or are affiliated with, or are endorsed by ACC, when in fact, they are not.

87. As a direct and proximate result of Defendants' and each of their infringement of ACC's common law trademark rights under Nevada and other common law, ACC has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

88. As a direct and proximate result of Defendants' and each of their infringement, ACC has been compelled to retain counsel to enforce its trademark rights and prosecute this action.

## PRAYER FOR RELIEF

WHEREFORE, ACC respectfully requests that this Court enter judgment in its favor and against Defendants, and each of them, and prays as follows:

A. For entry of an order requiring that Defendants, and each of them, along with their assignees, transferees, employees, agents, owners and representatives, and all other persons, firms or entities acting in concert or participation with Defendants, be enjoined from using or attempting to register the Infringing Mark or any derivation thereof including any marks that are

1  confusingly similar to the HAH Mark, in connection with any goods or services, in any manner,
2  including but not limited to gaming machines, gaming systems and any gaming-related goods
3  and services;

4       B.     For an award of damages caused by Defendants' and each of their unlawful
5  conduct in an amount to be ascertained at trial;

6       C.     For an award of Defendants' and each of their profits stemming from their
7  unlawful conduct in an amount to be ascertained at trial;

8       D.     For an award for corrective advertising in an amount to be ascertained at trial;

9       E.     For prejudgment interest;

10      F.     For ACC's attorneys' fees pursuant to NRS § 600.430;

11      G.     For costs of the suit incurred in this action; and

12      H.     For other and further relief as this Court may deem just and proper.

13 DATED this 20th day of June 2017.

DICKINSON WRIGHT PLLC

/s/ Joanna M. Myers

DICKINSON WRIGHT PLLC
JOANNA M. MYERS (Nevada Bar No. 12048)
Email:  jmyers@dickinsonwright.com
8363 West Sunset Road, Suite 200
Las Vegas, Nevada  89113-2210
Tel:  (702) 550-4400
Fax:  (844) 670-6009

MICHAEL B. LEE, PC
MICHAEL B. LEE (Nevada Bar No. 10122)
2000 S. Eastern Avenue
Las Vegas, Nevada 89104
Email: mike@mblnv.com
Tel: (702) 477-7030
Fax: (702) 477-0096

*Attorneys for Plaintiff Animal Care Clinic, Inc.*

## **DEMAND FOR JURY TRIAL**

Plaintiff ACC hereby demands a jury trial of all issues triable by jury.

DATED this 20th day of June 2017.

                DICKINSON WRIGHT PLLC

                /s/ Joanna M. Myers

                DICKINSON WRIGHT PLLC
                JOANNA M. MYERS (Nevada Bar No. 12048)
                Email:  jmyers@dickinsonwright.com
                8363 West Sunset Road, Suite 200
                Las Vegas, Nevada  89113-2210
                Tel:  (702) 550-4400
                Fax:  (844) 670-6009

                MICHAEL B. LEE, PC
                MICHAEL B. LEE (Nevada Bar No. 10122)
                2000 S. Eastern Avenue
                Las Vegas, Nevada 89104
                Email: mike@mblnv.com
                Tel: (702) 477-7030
                Fax: (702) 477-0096

                *Attorneys for Plaintiff Animal Care Clinic, Inc.*